**Juana (Haro) AMAYA, Petitioner,**

v.

**IMMIGRATION & NATURALIZATION SERVICE, Respondent,**

**American Immigration Lawyers Association, Amicus Curiae.**

No. 93–9548.

United States Court of Appeals, Tenth Circuit.

Sept. 30, 1994.

---

Thomas J. Hurley, Jr., Colorado Springs, CO, for petitioner.

Robert Kendall, Jr., Asst. Director, Office of Immigration Litigation, Civ. Div., Dept. of Justice, Washington, DC (Frank W. Hunger, Asst. Atty. Gen., Civ. Div., with him on the brief), for respondent.

Kenneth H. Stern of Stern & Elkind, Denver, CO, for amicus curiae.

Before BRORBY, Circuit Judge, McWILLIAMS, Senior Circuit Judge, and BROWN, District Judge.*

McWILLIAMS, Senior Circuit Judge.

Pursuant to 8 U.S.C. § 1105a(a) and F.R.A.P. 15, Juana Haro Amaya filed in this Court a petition for review of a final deportation order entered by the Board of Immigration Appeals (BIA) on June 29, 1993. We affirm the BIA's decision.

On December 20, 1991, the Immigration & Naturalization Service (INS) served petitioner with an Order to Show Cause which initiated deportation proceedings against her. The basis for the show cause order was that petitioner had entered the United States, in the vicinity of El Paso, Texas, without inspection in 1985 after having been previously deported from the United States on June 10, 1985, and accordingly was deportable under 8 U.S.C. §§ 1251(a)(1)(A) and (B).

When petitioner appeared before an Immigration Judge (IJ) she conceded that she was deportable because she had indeed entered the United States without inspection in 1985, but in connection therewith she sought a "suspension of deportation" pursuant to 8 U.S.C. § 1254. That statute reads as follows:

§ 1254. Suspension of deportation—Adjustment of status for permanent residence; contents

(a) As hereinafter prescribed in this section, the Attorney General may, in his discretion, suspend deportation and adjust the status to that of an alien lawfully admitted for permanent residence, in the case of an alien ... who applies to the Attorney General for suspension of deportation and—

(1) is deportable under any law of the United States except the provisions specified in paragraph (2) of this subsection; has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of such application, and proves that during all of such period he was and is a person of good moral character; and is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence;

After hearing on June 30, 1992, the IJ issued a decision in which he found petitioner to be deportable as charged and also denied her application for suspension of deportation. In connection with the latter, the IJ found that although petitioner had been continuously present in the United States for at least seven years prior to her application for suspension of deportation, she had not proved the "good moral character" requirement contained in 8 U.S.C. § 1254, nor had she proved the "extreme hardship" requirement, also set forth in § 1254.

As indicated, on appeal, the BIA, in effect, affirmed the order of the IJ, holding that petitioner had failed to prove good moral character and extreme hardship. Petitioner now seeks our review of the BIA's decision.

In this Court, petitioner agrees that under 8 U.S.C. § 1254, in order to qualify for consideration by the Attorney General for a suspension of deportation, she must prove:

---

* Honorable Wesley E. Brown, United States Senior District Judge for the District of Kansas, sitting by designation.

(1) that she has been physically present in the United States for a continuous period of not less than seven years immediately preceding the date of her application; (2) that for such period she was and is a person of good moral character; and (3) that she is a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to herself, or to her spouse, parent or child, who is a citizen of the United States or an alien lawfully admitted for permanent residence. In other words, petitioner agrees that she must meet all of the requirements in 8 U.S.C. § 1254, and that if she fails to meet any requirement she is not entitled to have the Attorney General even consider suspending deportation.

The IJ found that petitioner had failed to prove her good moral character and had shown no extreme hardship. The IJ held that since petitioner had pled guilty to a welfare fraud charge in El Paso County, Colorado, during the seven-year period, she was statutorily barred from proving good moral character.[1] The IJ also found that petitioner had not proved that her deportation would result in extreme hardship. As previously mentioned, on appeal the BIA, in effect, affirmed the IJ.

In this Court, petitioner asserts that the BIA erred in holding that her conviction for welfare fraud precluded a finding of good moral character and also argues that she did prove extreme hardship. We elect to first consider the extreme hardship issue. If the BIA was correct in so holding, we need not here consider whether the welfare fraud conviction statutorily precludes her from proving good moral character.

As concerns the extreme hardship requirement, the IJ noted that petitioner's parents are residents of Mexico. The IJ also observed that although petitioner was married to a United States citizen at the time of the hearing, the marriage was then the subject of divorce proceedings, and that accordingly, petitioner had made no claim of hardship befalling her husband. The IJ was aware that as of the date of the hearing petitioner had two children who were born in the United States, though neither was the offspring of her present husband, and that the older child, who was then eight years of age, was a good student, and that the younger child was then about sixteen months of age. In addition, the IJ found that neither the petitioner nor either of the two children had any significant health problems.

In regard to her older child, petitioner testified at the hearing before the IJ that her daughter would not have as good educational opportunities in Mexico as in the United States. She made no particular claim of hardship on behalf of her sixteen-month old son. She testified that if deported she would take her two children, and the child that she was due to have in a month or so, with her to Mexico.

Based on the record thus made, the IJ concluded petitioner had not met the extreme hardship requirement, holding, *inter alia,* that decreased educational opportunity for a minor child did not constitute extreme hardship, and cited *Immigration & Naturalization Service v. Wang,* 450 U.S. 139, 101 S.Ct. 1027, 67 L.Ed.2d 123 (1981).[2]

On appeal, the BIA in rejecting petitioner's extreme hardship argument, spoke as follows:

As noted by the immigration judge, the respondent specifically failed to meet her burden of proof in establishing statutory eligibility for suspension relief. She did not show that she or her United States

---

1. 8 U.S.C. § 1101(f)(3) precludes an alien from establishing good moral character if he or she is a member of one of the classes of persons described in 8 U.S.C. § 1182(a). Section 1182(a)(2) includes an alien who has been convicted of, or who admits having committed, or who admits committing acts which constitute the essential elements of a crime involving moral turpitude. In this regard, petitioner, on March 2, 1992, entered into a plea agreement with the District Attorney of the 4th Judicial District of Colorado. She pled guilty to charges of Welfare Fraud. Sentencing and judgment were deferred pursuant to C.R.S. 16–7–403.

2. In *Wang,* the Supreme Court held that the Attorney General and his delegates had "the authority to construe 'extreme hardship' narrowly" and reinstated the BIA's finding that the children of the deportees in that case would not be subject to "educational deprivation in Korea...." 450 U.S. at 145, 101 S.Ct. at 1031.

citizen children would face extreme hardship as a result of her deportation. She has not demonstrated hardship substantially different from and more severe than that suffered by the ordinary respondent in deportation proceedings in order to qualify for suspension relief. *See Sanchez v. INS,* 755 F.2d 1158 (5th Cir.1985). She has not demonstrated that she or her family are at a unique disadvantage which sets them apart from other deportable aliens or their families or, stated otherwise, that the circumstances which they face are uniquely extreme. *See Hernandez–Cordero v. United States INS,* 819 F.2d 558 (5th Cir. 1987); *Colon v. INS,* 703 F.2d 574 (9th Cir.1983). Accordingly, suspension relief properly was denied.

The petitioner has the burden of proving her eligibility for suspension of deportability. Under the statute, the requirement that deportation would result in extreme hardship is a discretionary matter that we review only for an abuse of discretion. In this regard, under the statute petitioner had the burden of showing that she was a person whose deportation would, *"in the opinion of the Attorney General* result in extreme hardship to the alien or to his spouse, parent or child...."* (emphasis added).

As concerns the scope of our review of the BIA's determination of extreme hardship, it was described in *Turri v. Immigration & Naturalization Service,* 997 F.2d 1306, 1308 (10th Cir.1993) as being "limited." In that same case, we said. that "[s]o long as the Board considers all of the relevant factors, this Court cannot second guess the weight, if any, to be given any factor."[3] *Id.* at 1308–09.

■ It is correct that in *Turri* we reversed the Board's determination that the petitioner in that case had failed to show extreme hardship to herself and remanded for further consideration in which the BIA was directed to *"actually consider* all factors relevant to a particular alien's claim of hardship." *Id.* at 1309. (emphasis in original). Where, however, the BIA explicitly recites

that it has reviewed the record and the IJ's decision and that it is content to rest its decision on the IJ's reasoning, adoption of the IJ's decision does not present any difficulty in terms of the sufficiency of the BIA's articulation of its reasoning. *Panrit v. I.N.S.,* 19 F.3d 544, 546 (10th Cir.1994).

■ We conclude that in the present case the IJ did "actually consider" all relevant factors, as did the BIA on appeal. We reject any suggestion made by counsel in this Court that the fact that on two prior occasions petitioner had difficult child deliveries, in each instance the child having died within weeks after delivery, negates the finding by the IJ that as of the date of the hearing before him, neither petitioner nor her two children had any significant health problems. Nor does the fact that at the date of the hearing before the IJ petitioner was six months pregnant with her fifth child compel a finding of extreme hardship by the IJ. Accordingly, we affirm the BIA's decision on the ground that its holding that petitioner had failed to show "extreme hardship" does not constitute an abuse of discretion. To hold to the contrary, we would be "second guessing," which *Turri* says we should not do.

In view of our disposition of this matter, we need not consider the additional ground advanced by the IJ for refusing to suspend deportation and affirmed on review by the BIA, and vigorously argued in this Court by counsel, that petitioner was statutorily precluded from proving good moral character by virtue of her conviction for welfare fraud. Even if petitioner proved her own good moral character, she must also prove that her deportation would result in *extreme* hardship—not just the hardship experienced by the ordinary deportee—which we have now held she did not prove.

Decision affirmed.

**3.** In *Jay v. Boyd,* 351 U.S. 345, 354, 76 S.Ct. 919, 924–25, 100 L.Ed. 1242 (1956), the Supreme Court characterized the "discretion" vested in the Attorney General by 8 U.S.C. §§ 1254(a)(5) and 1254(c) as being "unfettered."