78 F.3d 598
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Martin TAPIA-NUNEZ, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 95-9519.
BIA No. Ast-wqm-vlc
 United States Court of Appeals, Tenth Circuit.
 March 12, 1996.
 
 ORDER AND JUDGMENT[1]
 Before TACHA, BALDOCK, and BRISCOE, Circuit Judges.[2]
 BALDOCK, Circuit Judge.
 
 
 1
 Petitioner Martin Tapia-Nunez has filed a petition for review of an order of the immigration judge (IJ) denying his request for suspension of deportation pursuant to 8 U.S.C. 1254. We exercise jurisdiction under 8 U.S.C. 1105a(a) and deny review.
 
 
 2
 Mr. Tapia-Nunez, a citizen of Mexico, entered the United States without inspection in 1986, at the age of sixteen. In response to an Immigration and Naturalization Service order to show cause why he should not be deported for illegally entering the United States, Mr. Tapia-Nunez conceded deportability and applied for suspension of deportation under 8 U.S.C. 1254(a).
 
 
 3
 After a hearing, the IJ denied Mr. Tapia-Nunez's application, but granted him voluntary departure. The Board of Immigration Appeals (BIA) affirmed the IJ's decision. This petition for review followed.
 
 
 4
 The Attorney General is authorized to suspend deportation of any alien who (1) has been physically present in the United States for a minimum of seven years; (2) is of good moral character; and (3) is "a person whose deportation would, in the opinion of the Attorney General, result in extreme hardship to the alien or to his spouse, parent, or child...." 8 U.S.C. 1254(a)(1).
 
 
 5
 We review the IJ's ruling on an application for suspension of deportation to determine whether substantial evidence supports the factual findings as to the first two elements. Dulane v. INS, 46 F.3d 988, 999 (10th Cir.1995). We review the determination as to whether deportation would result in extreme hardship only for abuse of discretion. Id. Our review is limited as long as all the relevant factors were considered, in which case we cannot second-guess the weight given to any one factor. Amaya v. INS, 36 F.3d 992, 995 (10th Cir.1994).
 
 
 6
 The parties agree Mr. Tapia-Nunez met the first two factors. The only question is whether Mr. Tapia-Nunez satisfied the "extreme hardship" prong. See id. (alien bears burden of proving eligibility for suspension of deportation). The Attorney General has the authority to construe the term "extreme hardship" narrowly, INS v. Jong Ha Wang, 450 U.S. 139, 145 (1981).
 
 
 7
 Mr. Tapia-Nunez asserts three issues to support his position that he will suffer extreme hardship if deported: (1) he will suffer economic detriment due to the difficulty of adjusting to Mexico and finding a job because his current job is specialized, no similar jobs exist in Mexico, he has never worked in Mexico, and he has no formal education or other training; (2) his deportation would have a negative effect on his employer's business; and (3) he personally will suffer emotional distress by having to leave his employer knowing fellow employees will be laid off because of his deportation.
 
 
 8
 The Supreme Court has specifically rejected Mr. Tapia-Nunez's first two issues. See id. at 142, 144 (economic detriment alone is insufficient to satisfy the extreme hardship requirement); INS v. Hector, 479 U.S. 85, 88 (1986)(per curiam)(consideration of hardship to a third party, other than a spouse, parent, or child, is not permitted under 8 U.S.C. 1254(a)(1)).
 
 
 9
 Our review of the record shows only tangential references to Mr. Tapia-Nunez's third issue.[3] See Admin. R. at 54 (Mr. Tapia-Nunez asserted at the hearing before the IJ only that he would suffer hardship if he were deported and the employees he supervised were to lose their jobs); id. at 7 (in his brief to the BIA, Mr. Tapia-Nunez argued only that he would suffer "immense emotional distress" should he be deported because he was close friends of the employees who would lose their jobs as a result of his deportation).
 
 
 10
 The IJ acknowledged that Mr. Tapia-Nunez would "face difficulties of an economic, emotional, and cultural nature" and would be a victim of hardship. Id. at 26. He concluded, however, that Mr. Tapia-Nunez had failed to show that the hardship he would "suffer goes beyond that which is to be expected, beyond that which is routine, and reaches the level of the extreme." Id. at 26-27. Our review of the record supports the IJ's decision. Mr. Tapia-Nunez failed to put on any proof as to this issue. Conclusory statements do not suffice.
 
 
 11
 Mr. Tapia-Nunez has failed to meet the statutory requirements for a showing of extreme hardship. Further, in light of the power of the Attorney General to construe the "extreme hardship" requirement narrowly and considering the careful consideration the IJ gave to Mr. Tapia-Nunez's arguments, we cannot conclude that the BIA abused its discretion in approving the IJ's denial of suspension of deportation. The petition for review is DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3
 
 
 [2]
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument
 
 
 [3]
 We note that Mr. Tapia-Nunez failed to comply with Fed. R.App. P. 28 by not making a clear and succinct statement of this issue in his opening brief with citation to supporting authority. Further, Mr. Tapia-Nunez did not comply with 10th Cir. R. 28.2(b) by stating where he had raised this issue below. We did not discern this argument until the reply brief. As the government did not address this issue, we conclude the government also was unaware it