UNITED STATES COURT OF APPEALS

**Filed 7/26/96**

FOR THE TENTH CIRCUIT

MAURO GARCIA-LOERA; MARIA
TERESA RAMIREZ DE GARCIA,

Petitioners,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

Respondent.

No. 95-9544
(D.C. Nos. A72-578-713
&
A72-578-714)
(Petitions for Review)

ORDER AND JUDGMENT*

Before ANDERSON, LOGAN, and MURPHY, Circuit Judges.

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

these petitions for review. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The

case is therefore ordered submitted without oral argument.

---

* This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioners Mauro Garcia-Loera and Maria Teresa Ramirez de Garcia have petitioned this court for review of the Board of Immigration Appeals' decision affirming the immigration judge's (IJ) denial of their request for suspension of deportation on the grounds of "extreme hardship." Because petitioners have not shown that the Board abused its discretion, we affirm.

Petitioners, and two of their four children, are Mexican citizens who entered this country illegally. Their two youngest children, Carlos and Jennifer, are American citizens. Conceding deportability, petitioners have applied for its suspension pursuant to 8 U.S.C. § 1254, which authorizes the Attorney General to suspend deportation of aliens who have been physically present in this country for seven years, are of good moral character, and for whom deportation will cause extreme hardship, either to themselves, or to a spouse, parent, or child who is an American citizen or permanent resident.

At a hearing before the IJ, petitioners presented evidence that their son, Carlos, had experienced an early childhood hearing loss which resulted in delayed speech development and possible learning disabilities. They argued that deportation would work an extreme hardship on Carlos because he could not get the special services that he needed in Mexico. Petitioners also presented evidence that Mr. Garcia owned and operated an automobile shop, that each petitioner had a sibling residing lawfully in the United States, that Mrs. Garcia had not seen her

Mexican relatives in seven years, that Mrs. Garcia volunteers at a school, and that Mr. Garcia has made several donations to law enforcement programs. The IJ denied their application, finding that they did not show that deportation would cause extreme hardship.

Petitioners appealed to the Board, arguing only that the IJ abused his discretion in evaluating the seriousness of Carlos' condition. See R. at 18-22. The Board affirmed the IJ's finding of no extreme hardship and dismissed the appeal. This petition for review followed.

We review the Board's determination of extreme hardship for an abuse of discretion. Dulane v. INS, 46 F.3d 988, 994 (10th Cir. 1995). So long as the Board considers the relevant factors, we cannot second-guess the weight it gives to any one factor. Amaya v. INS, 36 F.3d 992, 995 (10th Cir. 1994).

Petitioners argue that the Board failed to consider certain factors, and improperly evaluated others. After reviewing the record, we see no error in the Board's conclusion that petitioners failed to show that deportation would cause Carlos extreme hardship based on his delayed speech and potential learning disabilities. Other than Mrs. Garcia's statement that she "[doesn't] count on anything in Mexico," there is no evidence that speech therapy and special education programs are unavailable there. Further, there was no error in the Board's failure to consider any emotional loss Mr. Garcia might suffer from

-3-

losing his business, as the record contains no evidence on this issue. The Board's discussion about Mrs. Garcia's relationship with her family in Mexico demonstrates that it considered this factor, it was not required "to write an exegesis" on the subject. Dulane, 46 F.3d at 994 (quotations omitted). Finally, the Board's failure to discuss Mrs. Garcia's volunteerism and Mr. Garcia's donations was not error, as these factors were not raised and discussed in petitioners' appeal to the Board. The Board was not required to sift through the record to identify any and all potential sources of hardship to petitioners. Cf. Securities & Exchange Comm'n v. Thomas, 965 F.2d 825, 826-27 (10th Cir. 1992)(holding that appellate court is not required to "sift through" the record to manufacture a party's argument on appeal).

The petitions for review are DENIED.

Entered for the Court

Stephen H. Anderson
Circuit Judge

-4-