25 F.3d 1056
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Alejandro GRILLET-MATAMOROS, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9568.
 United States Court of Appeals, Tenth Circuit.
 June 1, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and LUNGSTRUM,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Alejandro Grillet-Matamoros has filed a petition for review of a decision of the Immigration and Naturalization Service denying his application for suspension of deportation. Upon review of the record and the parties' briefs, we affirm.
 
 
 4
 Grillet-Matamoros, a citizen of Venezuela, entered the United States on a student visa in 1982. In 1985, he violated his nonimmigrant status by leaving school and working full-time without authorization. Deportation proceedings were initiated. See 8 U.S.C. 1251(a)(C)(i). Grillet-Matamoros admitted deportability and applied for suspension of deportation pursuant to 8 U.S.C. 1254(a). An immigration judge (IJ) denied the application and granted Grillet-Matamoros voluntary departure. The Board of Immigration Appeals affirmed the IJ's decision.
 
 
 5
 In his petition for review, Grillet-Matamoros argues the Board erred in denying his application because it failed to consider his close ties to his religious community. Grillet-Matamoros also argues the Board failed to address his First Amendment right to freely practice his religion.
 
 
 6
 Pursuant to 8 U.S.C. 1254(a)(1), the Attorney General may suspend the deportation of a deportable alien if (1) he has been physically and continuously present in the United States for at least seven years, (2) he is a person of good moral character, and (3) deportation would cause extreme hardship to the alien or his family. See INS v. Jong Ha Wang, 450 U.S. 139, 139-40 (1981).
 
 
 7
 An alien seeking suspension of deportation must prove "both statutory eligibility for relief and the equities for a favorable exercise of discretion." Rivera-Zurita v. INS, 946 F.2d 118, 120 (10th Cir.1991). The IJ found that Grillet-Matamoros met the first two statutory requirements. He denied Grillet-Matamoros' application on the ground that he had not shown the third requirement of extreme hardship.
 
 
 8
 "[W]e review the Board's determination of 'extreme hardship' under the abuse of discretion standard, which provides only limited room for substantive review...." Panrit v. INS, 19 F.3d 544, 545 (10th Cir.1994). "The attorney general is empowered to construe 'extreme hardship' narrowly." Michelson v. INS, 897 F.2d 465, 469 (10th Cir.1990)(citing Jong Ha Wang, 450 U.S. at 145). Where, as here, the Board has adopted the IJ's decision which thoroughly reviewed each of the alien's claims, we will consider the IJ's reasoning as the sole basis for our review. Panrit, 19 F.3d at 546.
 
 
 9
 Grillet-Matamoros argues he showed extreme hardship because he is a charismatic evangelical Christian, while Venezuela is a Catholic country. He argues non-Catholic Christians are persecuted in Venezuela by not being allowed to freely practice their religion. Grillet-Matamoros also asserts that because he is estranged from his family, his religious group is his sole support system. Further, Grillet-Matamoros stated it would be difficult for him to find work in Venezuela and he does not want to leave the United States without paying his school debts.
 
 
 10
 The IJ addressed each of these issues in detail. Given the fact that the extreme hardship requirement is narrowly construed, Panrit, 19 F.3d at 547, and in light of the IJ's careful consideration of Grillet-Matamoros' arguments, we cannot find any abuse of discretion in the IJ's determination.
 
 
 11
 On appeal, Grillet-Matamoros also argues that deportation would violate his First Amendment right to freely practice his religion due to Venezuela's intolerance of non-Catholics. "[A]liens receive constitutional protections when they have come within the territory of the United States and developed substantial connections with this country." United States v. Verdugo-Urquidez, 494 U.S. 259, 271 (1990); see also Kwong Hai Chew v. Colding, 344 U.S. 590, 596 n. 5 (1953)(once alien lawfully enters and resides in United States, he becomes vested with rights guaranteed by Constitution to all people within our borders).
 
 
 12
 However, in deportation proceedings, the IJ does not consider whether the deportable alien will be permitted to exercise the rights granted to United States citizens and resident aliens in the same manner in the country to which he is to be deported. This country does not, nor can it, impose our Constitution and Bill of Rights on other countries.
 
 
 13
 We find no abuse of discretion by the IJ in denying Grillet-Matamoros' application for suspension of deportation. The judgment of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable John W. Lungstrum, District Judge, United States District Court for the District of Kansas, sitting by designation