25 F.3d 1057
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Chukwudi Joseph OKAFOR, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 93-9564.
 United States Court of Appeals, Tenth Circuit.
 June 14, 1994.
 ORDER AND JUDGMENT[1]
 
 1
 Before ANDERSON and KELLY, Circuit Judges, and BELOT,** District Judge.
 
 
 2
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed.R.App.P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 3
 Petitioner Chukwudi Joseph Okafor seeks review of a decision of the Board of Immigration Appeals (BIA) denying his request for suspension of deportation pursuant to 8 U.S.C. 1254(a)(1). The only issue before this court is whether the BIA erred in its ruling that petitioner had not demonstrated he would suffer extreme hardship were he deported. That ruling we review only for an abuse of discretion. Turri v. INS, 997 F.2d 1306, 1308 (10th Cir.1993).
 
 
 4
 On appeal, petitioner contends that the BIA's ruling was erroneous because the Board 1) failed to consider the relevant factors, 2) made conclusory findings, 3) failed to consider petitioner's specific circumstances, and 4) disregarded evidence of economic hardship that would result if petitioner were returned to Nigeria. We have carefully reviewed the record on appeal, together with the parties' briefs and the authority cited therein, and conclude that the BIA did not abuse its discretion in denying suspension of deportation. The immigration judge's opinion, on which the BIA relied, fully and fairly summarizes the evidence presented, and demonstrates consideration of all the relevant factors. The BIA was entitled to rely on the immigration judge's reasoning. See Panrit v. INS, 19 F.3d 544, 546 (10th Cir.1994).
 
 
 5
 Petitioner also requests that we reinstate his voluntary departure. This court lacks jurisdiction to consider such a request. See Castaneda v. INS, No. 93-9549, 1994 WL 182840, at * 4 (10th Cir. May 13, 1994).
 
 
 6
 The petition for review is hereby DENIED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 **
 Honorable Monti L. Belot, District Judge, United States District Court for the District of Kansas, sitting by designation