51 F.3d 281
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Ascencion MURO-GUTIERREZ; Jeronimo Muro-Gutierrez, Petitioners,
v.
IMMIGRATION AND NATURALIZATION SERVICE, Respondent.
 No. 94-70411.
 United States Court of Appeals, Ninth Circuit.
 Submitted March 21, 1995.*
Decided April 5, 1995.
 
 Before: SNEED, POOLE, and BRUNETTI, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Ascencion Muro-Gutierrez and Jeronimo Muro-Gutierrez, who are brothers and natives and citizens of Mexico, petition for review of the Board of Immigration Appeals' ("BIA") decision affirming the immigration judge's ("IJ") decision finding them deportable pursuant to 8 U.S.C. Sec. 1251(a)(2) and denying their applications for suspension of deportation pursuant to 8 U.S.C. Sec. 1254(a)(1). We have jurisdiction pursuant to 8 U.S.C. Sec. 1105a(a), and we deny the petition.
 
 
 3
 We review the BIA's denial of an application for suspension of deportation for an abuse of discretion. Ramirez-Durazo v. INS, 794 F.2d 491, 498 (9th Cir.1986). "Where, as here, the [BIA] has adopted the immigration judge's findings, we examine the immigration judge's decision for an abuse of discretion." Torres-Guzman v. INS, 804 F.2d 531, 533 (9th Cir.1986).
 
 A. Nature of BIA Decision
 
 4
 The Muro-Gutierrez brothers contend that the BIA abused its discretion by affirming the IJ's decision based on the reasons set forth in the IJ's decision. This contention lacks merit.
 
 
 5
 While the BIA is required to consider all factors relevant to the determination of the existence of extreme hardship under section 1254(a)(1), see Sullivan v. INS, 772 F.2d 609, 610 (9th Cir.1985), the BIA may fulfill this obligation by adopting the IJ's reasoning regarding the existence of extreme hardship. See Yepes-Prado v. INS, 10 F.3d 1363, 1367 (9th Cir.1993); Torres-Guzman, 804 F.2d at 533; see also Panrit v. INS, 19 F.3d 544, 546 (10th Cir.1994). Here, the BIA declared that it had reviewed the record, the IJ's decision, and the contentions made on appeal. The BIA did not abuse its discretion by explicitly relying on the IJ's reasoning as the basis for its own decision. See Torres-Guzman, 804 F.2d at 533.
 
 B. Extreme Hardship
 
 6
 The Muro-Gutierrez brothers further contend that the BIA abused its discretion by finding they would not suffer extreme hardship if deported. This contention lacks merit.
 
 
 7
 Under 8 U.S.C. Sec. 1254, the Attorney General may exercise her discretion to suspend deportation and adjust the status of an otherwise deportable alien. Torres-Guzman, 804 F.2d at 531. "In order to be eligible for discretionary suspension, the alien must establish (1) continuous [physical] presence in the United States for at least seven years, (2) good moral character during that period, and (3) extreme hardship, as a result of deportation, to the alien, or his spouse parent or child who is a citizen of the United States or an alien lawfully admitted for permanent residence." Id. The alien bears the burden of demonstrating both statutory eligibility and that he merits a favorable exercise of discretion. Bu Roe v. INS, 771 F.2d 1328, 1333 (9th Cir.1985). "Although economic detriment, without more, does not amount to extreme hardship, the personal hardships that flow from the economic detriment may be a relevant factor for the BIA to consider in determining extreme hardship." Ramirez-Gonzales v. INS, 695 F.2d 1208, 1211 (9th Cir.1983). To trigger the BIA's consideration of the personal hardships, however, the alien must demonstrate severe economic detriment. Id. at 1211-12.
 
 
 8
 We may uphold the BIA's decision, which adopted the IJ's decision, only on the basis articulated by the IJ. See Torres-Guzman, 804 F.2d at 533. Here, the IJ found in a well-reasoned and thorough opinion, that Ascension and Jeronimo Muro-Gutierrez had not demonstrated "extreme hardship" and thus had not established eligibility for suspension of deportation. In reaching this conclusion, the BIA considered the Muro-Guttierez brothers family ties both in this country and in Mexico, their length of presence in the United States, their ages, health, employment history, and the difficulty in finding employment and other hardship they would suffer upon returning to Mexico. The IJ recognized that there would be "no one who could help them" in Mexico.
 
 
 9
 The IJ concluded, however, that the Muro-Gutierrez brothers would not suffer extreme hardship if they were deported because they are young; in good health; had family, including their parents, in Mexico, and could seek out employment in areas of Mexico which have better opportunities and less primitive conditions than those in their hometown.
 
 
 10
 Given these circumstances, we cannot say that the BIA abused its discretion by affirming the IJ's determination that Ascension and Jeronimo Muro-Gutierrez failed to demonstrate extreme hardship warranting suspension of deportation. See Torres-Guzman, 804 F.2d at 533; Ramirez-Gonzales, 695 F.2d at 1211.[1]
 
 
 11
 PETITION FOR REVIEW DENIED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3
 
 
 [1]
 The IJ's grant of six months for voluntary departure will begin to run on the date of the issuance of our mandate in this case. See Contreras-Aragon v. INS, 852 F.2d 1088, 1097 (9th Cir.1988 (en banc) (where the court of appeals affirms the BIA's deportation order, the period for voluntary departure by the BIA does not begin to run until the issuance of the appellate mandate)