53 F.3d 343
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Jose Antonio SALGUERO, Jr., Rosa Candida Zelaya, Petitioners,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9571.
 United States Court of Appeals, Tenth Circuit.
 May 4, 1995.
 
 Before ANDERSON, BALDOCK and BRORBY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The cause is therefore ordered submitted without oral argument.
 
 
 2
 The petitioners, Jose Antonio Salguero, Jr., and Rosa Zelaya, seek review of a final order of deportation issued by the Board of Immigration Appeals ("Board"). We have jurisdiction under 8 U.S.C. 1105(a), and affirm.
 
 
 3
 The Immigration and Naturalization Service ("INS") issued an order to Show Cause against Jose Antonio Salguero, Jr., and his mother, Rosa Candida Zelaya, on August 23, 1993, charging them with entering the United States without inspection.[2] Through counsel, petitioners admitted the allegations against them.[3] Deportability is not contested.
 
 
 4
 Petitioners applied for asylum, and a merits hearing was held. The Immigration Judge ("IJ") denied asylum but granted voluntary departure. Petitioners appealed to the Board of Immigration Appeals. The Board affirmed the denial of asylum based upon and for the reasons set out in the IJ's decision, and the appeal was dismissed.[4]
 
 
 5
 An asylum applicant bears the burden of demonstrating her statutory eligibility for asylum. 8 C.F.R. 208.13; Baka v. INS, 963 F.2d 1376, 1378 (10th Cir.1992). To demonstrate such eligibility, an applicant must prove her status as a refugee by virtue of either past "persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion." 8 U.S.C. 1101(a)(42)(A) (1995). A Board finding that an applicant is not a refugee is a factual determination reviewed for substantial evidence. Bartesaghi-Lay v. INS, 9 F.3d 819, 822 (10th Cir.1993). In order to reverse the Board's finding, this court must find the evidence presented compels the conclusion Ms. Zelaya is a refugee. See INS v. Elias-Zacarias, 502 U.S. 478 (1992); Sadeghi v. INS, 40 F.3d 1139, 1142 (10th Cir.1994).
 
 
 6
 Ms. Zelaya argues the IJ erred in three respects: (1) that she had not suffered past persecution (brf. at 5-7); (2) ignoring evidence that El Salvador is still a dangerous nation for opponents of guerrilla forces; and (3) ignoring Board precedent holding the fear of persecution need not be country-wide under all circumstances.
 
 1.
 
 7
 Ms. Zelaya argues the IJ erred in concluding she had not suffered past persecution because she had received threats from guerrillas; most notably, a typewritten note addressed to her personally. These threats were a result of Ms. Zelaya's sale of food to government soldiers. In assessing this evidence, the IJ concluded the threats received were a result of the guerrillas' intent to hamper the effectiveness of government forces. Therefore, the threats would have been issued to "any and all individuals in a contested area irrespective of what the genuine political orientation" of the individual might be.
 
 
 8
 Ms. Zelaya does not allege she actually adhered to political beliefs objectionable to the guerrillas. She testified she supported neither side in El Salvador's civil war. Ms. Zelaya argues, however, that such beliefs have been imputed to her by the guerrillas and imputed political opinions may support a grant of asylum. We need not decide whether imputed political beliefs alone can establish past persecution in this case, see Hernandez-Ortiz v. INS, 777 F.2d 509, 517 (9th Cir.1985), because we conclude Ms. Zelaya has failed to support her contention the guerrillas persecuted her on the basis of imputed political beliefs.
 
 
 9
 The fact the guerrillas had threatened Ms. Zelaya and others for selling food to government soldiers does not necessarily lead to the conclusion the guerrillas believed Ms. Zelaya supported the government's cause in the civil war. On the contrary, as the IJ concluded, these threats were simply a part of the guerrillas' efforts to weaken and demoralize the government troops. The threats could have been made with complete indifference to the political views of Ms. Zelaya and based solely on the fact that her actions were contrary to the goals of the guerrillas. Ms. Zelaya has offered no evidence that casts doubt on this conclusion. As such, we hold Ms. Zelaya has failed to carry her burden of proving she is entitled to asylum, see Baka, 963 F.2d at 1378, and thus, the evidence presented does not compel the conclusion she is a refugee. See Sadeghi, 40 F.3d at 1142.
 
 2.
 
 10
 Ms. Zelaya argues the IJ erred in ignoring evidence El Salvador is still a dangerous nation for opponents of guerrilla forces. Had this evidence been considered, she argues, the IJ would have concluded she had a reasonable, well-founded fear of future persecution.
 
 
 11
 Federal regulations prohibit the grant of asylum to an individual who suffered past persecution but has no well-founded fear of future persecution, unless return to the country of origin would be inhumane given the severity of the past persecution. 8 C.F.R. 208.13(b)(1)(ii). The existence of fear must be based, in part, on objective criteria. Id. Because the IJ properly concluded Ms. Zelaya had not suffered past persecution--having held no relevant political beliefs and having none imputed to her--it is logical to conclude in this case that there is no objective basis to fear persecution should she return to El Salvador. Moreover, the IJ noted that even if the threats to Ms. Zelaya established past persecution, the peace accords reached between the government and guerrillas represent a change in conditions which dissipate a fear of persecution. See Kapcia v. INS, 944 F.2d 702, 707, 710 (10th Cir.1991).
 
 
 12
 As for the argument the IJ erred in "ignoring" evidence of the dangers still existing in El Salvador, there is simply no way to substantiate this contention. While it may be true the IJ did not specifically refer to the documents Ms. Zelaya argues were ignored in denying the grant of asylum, this does not mean those documents were ignored. We have "previously held that the [IJ] has no duty to write an exegesis on every contention' " raised by an applicant. Panrit, 19 F.3d at 545 (citations omitted). Likewise, we see no duty on the part of the IJ to specifically note its consideration of each and every piece of evidence presented. We conclude, therefore, Ms. Zelaya has failed to demonstrate a well-founded fear of future persecution.
 
 3.
 
 13
 Lastly, Ms. Zelaya argues the IJ erred in ignoring Board precedent holding the fear of future persecution need not be country-wide under all circumstances to be well-founded. For the reasons stated in section 2 above, we reject this argument and conclude the IJ's decision was based on substantial evidence.
 
 
 14
 The decision of the Board of Immigration Appeals is AFFIRMED, and the petition for review denied.[5]
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 The record on appeal consists of a single volume. All page citations refer to that volume
 
 
 [3]
 Mr. Salguero's claim is included in his mother's case. In the interest of clarity, we refer to the issues raised as those of Ms. Zelaya's
 
 
 [4]
 Because the Board adopted the decision of the IJ, we review the reasoning of the IJ in this appeal. See Panrit v. INS, 19 F.3d 544, 546 (10th Cir.1994)
 
 
 [5]
 Ms. Zelaya requests this court to reinstate the grant of voluntary departure in the event we conclude, as we have, to affirm the Board's decision and deny the petition for review. We lack jurisdiction to do so. Castaneda v. INS, 23 F.3d 1576, 1580 (10th Cir.1994)