56 F.3d 77
NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Mohammad Seeid ABDOLPOUR, Petitioner,
v.
IMMIGRATION & NATURALIZATION SERVICE, Respondent.
 No. 94-9562.
No. Ard-qne-qsz.
 United States Court of Appeals, Tenth Circuit.
 May 30, 1995.
 
 Before ANDERSON, BALDOCK, and BRORBY, Circuit Judges.
 
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Petitioner, an Iranian native and citizen, seeks review of a decision of the Board of Immigration Appeals (Board) that upheld the decision of the immigration judge (IJ) denying petitioner's applications for asylum, withholding of deportation, and suspension of deportation, 8 U.S.C. 1158(a), 1253(h), and 1254(a)(1). We affirm.
 
 
 3
 Petitioner entered the United States in 1985 as a nonimmigrant student. He applied for asylum in 1988 and 1990. After the Immigration and Naturalization Service denied his applications for asylum, it issued an order to show cause why he should not be deported pursuant to 8 U.S.C. 1251(a)(1)(C)(i) for failure to comply with the conditions of nonimmigrant student status by accepting employment without authorization less than three months after entry into the United States. Petitioner conceded deportability, but applied again for asylum and also applied for withholding of deportation and suspension of deportation.
 
 
 4
 After holding a hearing on the applications, the IJ concluded petitioner was deportable. The IJ determined petitioner did not prove past or a well-founded fear of future persecution to support asylum eligibility. Because the burden to prove withholding of deportation is higher than the burden to prove asylum, the IJ also denied withholding of deportation. After addressing each hardship of deportation raised by petitioner--hardship to his parents if their return to the United States from Iran is delayed until petitioner obtains an immigrant visa and hardship to himself in finding employment, obtaining treatment for his ulcer, continuing his career path, waiting for an immigrant visa, and facing the unknown--and considering them cumulatively, the IJ denied suspension of deportation. The Board affirmed based upon the reasons set forth by the IJ. Petitioner then filed this petition for review.[2]
 
 
 5
 Petitioner first argues that the Board abused its discretion when it summarily affirmed the decision of the IJ without articulating its reasons for denying relief. Because the Board explicitly stated that it had reviewed the administrative record, the IJ's decision, and petitioner's contentions on appeal and that it adopted the IJ's reasoning, the Board sufficiently articulated its reasoning. See Panrit v. INS, 19 F.3d 544, 545-46 (10th Cir.1994)(approving summary order of Board in suspension case); see also Becerra-Jimenez v. INS, 829 F.2d 996, 1000 (10th Cir.1987)(Board decision sufficient if court of appeals able to determine Board heard, considered, and decided case). We therefore disagree with petitioner's contentions that the Board did not consider his arguments concerning the IJ's use of administrative notice of Iranian law, petitioner's credibility, and cumulative evaluation of the hardships presented. The Board need not discuss in particularized detail each of petitioner's allegations.
 
 
 6
 Petitioner next argues that he is eligible for asylum because he is a refugee as defined by 8 U.S.C. 1101(a)(42)(A) based on past persecution and a well-founded fear of future persecution. Section 1158(a)
 
 
 7
 "establishes a two-part test for determining whether a deportable alien is statutorily eligible for asylum. Step one requires the alien to show that he ... is a refugee by proving either past persecution or a well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion. Step two allows that once the alien has established statutory eligibility as a refugee, the Attorney General may apply his discretion in granting asylum. We apply the substantial evidence standard to a review of the Board's factual determination of whether an alien is a refugee, and an abuse of discretion standard to the Attorney General's decision of whether to grant asylum."
 
 
 8
 Castaneda v. INS, 23 F.3d 1576, 1578 (10th Cir.1994)(quoting Nguyen v. INS, 991 F.2d 621, 625 (10th Cir.1993) (citations and quotations omitted)). If the petitioner does not meet his step one burden, this court need not address the Board's discretionary refusal at step two. Id. Upon examination of the administrative record, we conclude that there is substantial evidence supporting the finding that petitioner did not suffer past persecution.
 
 
 9
 Because we conclude petitioner did not suffer past persecution, he must establish a well-founded fear of future persecution for eligibility for asylum. The well-founded fear of future persecution standard contains a subjective fear component and an objective well-founded component. Sadeghi v. INS, 40 F.3d 1139, 1142 (10th Cir.1994). The record does not show that petitioner proved through "credible, direct, and specific evidence" a well-founded fear of future persecution. See id. We therefore conclude there is substantial evidence supporting the determination that petitioner is not eligible for asylum.[3]
 
 
 10
 Petitioner finally argues that he qualifies for suspension of deportation. As applied to petitioner, the order of deportation may be suspended if the alien proves United States presence for at least seven years, good moral character, and that deportation would result in extreme hardship to himself or his parents. See 8 U.S.C. 1254(a)(1). Only the third criteria is in dispute here. We review the extreme hardship determination for an abuse of discretion. Panrit, 19 F.3d at 545. After considering all of the alleged hardships, singly and cumulatively, we conclude there was no abuse of discretion in denying a suspension of deportation. See Amaya v. INS, 36 F.3d 992, 995 (10th Cir.1994).
 
 
 11
 The decision of the Board of Immigration Appeals is AFFIRMED.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470
 
 
 [2]
 Because the parties do not dispute the facts, Petitioner's Reply Br. at 1, we do not set forth the facts
 
 
 [3]
 Because petitioner did not meet his burden of showing eligibility for asylum, he also did not meet the higher standard required for withholding of deportation. See Castaneda, 23 F.3d at 1578