**Filed 4/30/96**

# UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

---

PRADEEP KUMAR SHRESTHA,

    Petitioner,

v.

IMMIGRATION & NATURALIZATION
SERVICE,

    Respondent.

No. 95-9543

(BIA No. A70-546-597)

---

## ORDER AND JUDGMENT[*]

---

Before **ANDERSON**, **BARRETT**, and **MURPHY**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R. App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Pradeep Kumar Shrestha, a Nepalese citizen and native, petitions this court for review of an order of the Board of Immigration Appeals ("BIA"), affirming the decision of the Immigration Judge ("IJ"), denying his requests for political asylum and withholding of deportation under §§ 208, 243(h) of the Immigration and Nationality Act, 8 U.S.C. §§ 1158, 1253(h). We affirm.

## I.

### BACKGROUND

Shrestha claims to have covertly begun his political activism in high school. R. at 68-69. In 1987, he joined the Communist Party because, he testified, his friends were members and because it shared his opposition to the then ruling party, the Panchayat Party. R. at 69-70. Shrestha subsequently became involved in the Nepalese revolutionary movement to depose the Panchayat Party. R. at 71-72. In or about 1990, he participated in a street rally along with four to five hundred other demonstrators. R. at 89-90. The police arrived to restore order and the protesters armed themselves with rocks. R. at 104. The police dispersed the crowds and arrested approximately ten protestors, including Shrestha. R. at 89-90.

Shrestha was allegedly physically abused during the arrest and then incarcerated for three days during which time he was purportedly severely beaten. R. at 72-73. Shrestha asserts that he was released only upon his promise to refrain from future

protests.  R. at 73.  He testified, however, that he did not refrain and during two subsequent protests, he was again arrested, detained, and physically abused.  R. at 73-75.  These subsequent detentions and beatings were briefer and less severe than those of his first encounter.  Id.

All of these incidents with the police occurred during a period of political upheaval in Nepal.  In 1990, the King legalized political parties, invited the promulgation of a new constitution, and permitted multiparty elections to be held.   House Comm. on Foreign Affairs & Senate Comm. on Foreign Relations, 103d Cong., 2d Sess., Country Reports on Human Rights Practices for 1993 1360 (Joint Comm. Print 1994) (submitted by the Dep't of State), R. at 137.  In May, 1991, the Panchayat Party lost power to the victorious Congress Party.  Id.  Shrestha testified that about this time he became disenchanted with the Communist ideology and wanted to join the Congress Party.  R. at 76.  The Congress Party refused his offer to join and several of its members allegedly threatened his life after Shrestha accused the party of corruption.  R. at 77-81.  Several of his Communist friends also purportedly threatened Shrestha because of his desire to leave the Communist Party and his criticism of their ideals.  R. at 77.  Thus, despite the change in government, Shrestha claims to fear for his life because of the Nepalese police and because both Congress and Communist Party members have threatened him.  See, e.g., R. at 84, 104-06.

Shrestha entered the United States on December 17, 1991, as a nonimmigrant visitor with a business visa authorizing him to remain until January 21, 1992. On September 21, 1992, he submitted an I-589 affirmative application for political asylum with the Asylum Office of the Immigration and Naturalization Service in San Francisco, California. This application was denied and an Order to Show Cause was issued and executed, along with a Notice of Hearing, on January 26, 1994. In August, 1994, Shrestha conceded deportability before an IJ and subsequently filed a new I-589 application. The IJ denied both Shrestha's request for relief of withholding of deportation and his application for political asylum, holding that Shrestha had not met his burden of proving past persecution nor had he established a well-founded fear of possible future persecution. The BIA then dismissed Shrestha's timely appeal, affirming the IJ's decision and adopting it "except with respect to [the IJ's] discussion relating to the respondent's possible future political activity."[1] On appeal, Shrestha argues the BIA erred in concluding (1) that he did not suffer past persecution for his political opinions and activities; and (2) that he failed to demonstrate that he had a well-founded fear of persecution.[2]

---

[1]The BIA nonetheless concluded that Shrestha's claims were too speculative to establish a well-founded fear of future persecution. Order dated Sept. 20, 1995, R. at 3.

[2]Shrestha also argues "the Board cannot issue decisions based solely on boilerplate language." Pet'r Br. at 7, 12-13. We disagree with Shrestha's characterization of the BIA's opinion. The BIA "reviewed the record of proceedings and . . . considered the respondent's contentions," enunciated Shrestha's claims, and then concurred with and

(continued...)

## ASYLUM AND WITHHOLDING OF DEPORTATION

"'[T]he Immigration and Nationality Act has provided two methods [asylum and withholding of deportation] through which an otherwise deportable alien who claims that he will be persecuted if deported can seek relief.'" Hadjimehdigholi v. INS, 49 F.3d 642, 646 (10th Cir. 1995) (quoting INS v. Cardoza-Fonseca, 480 U.S. 421, 423 (1987) (citation omitted)). We examine each in turn.

*Asylum*

The granting of asylum is a two-step process. "First, the alien must establish that he is a refugee by proving either past persecution or a 'well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or

---

[2](...continued)
adopted the decision of the IJ, excepting the IJ's discussion concerning Shrestha's future political activity. Order dated Sept. 20, 1995, R. at 2-3.

> [W]here the Board explicitly recites that it has reviewed the record and the immigration judge's decision and that it is content to rest its decision on the immigration judge's reasoning, adoption of the immigration judge's decision does not present any difficulty in terms of the sufficiency of the Board's articulation of its reasoning.

Panrit v. INS, 19 F.3d 544, 546 (10th Cir. 1994); see also Hadjimehdigholi v. INS, 49 F.3d 642, 648 n.2 (10th Cir. 1995) ("Although the BIA is required to provide more than just 'conclusory statements, all that is necessary is a decision that sets out terms sufficient to enable us as a reviewing court to see that the Board has heard, considered, and decided.'") (quoting Becerra-Jimenez v. INS, 829 F.2d 996, 1000 (10th Cir. 1987)).

political opinion.'" Rezai v. INS, 62 F.3d 1286, 1289 (10th Cir. 1995) (quoting 8 U.S.C. § 1101(a)(42)(A)). We review the BIA's factual findings that an alien is not a "refugee," as defined in the statute, under the substantial evidence standard. Id. Applying this highly deferential standard, we must uphold the BIA's conclusion if it is supported by "'reasonable, substantial, and probative evidence on the record considered as a whole.'" INS v. Elias-Zacarias, 502 U.S. 478, 481 (1992) (quoting 8 U.S.C. § 1105a(a)(4)). Thus, we may not reverse unless the asylum applicant presents evidence "so compelling that no reasonable factfinder could fail to find the requisite [persecution or] fear of persecution." Id. at 483-84. Second, the Attorney General retains discretion to grant asylum to aliens who qualify as "refugees." 8 U.S.C. § 1158(a). We review this determination, if necessary, for an abuse of discretion. See Rezai, 62 F.3d at 1289.

The BIA, adopting the IJ's reasoning, held that Shrestha did not meet his burden of establishing by a preponderance of credible evidence that he was a victim of past political persecution. The IJ reasoned that although the encounter in 1990, which resulted in three days of detention and physical abuse, appears to be political persecution, it may in fact have been provoked by the demonstrators' show of violence. Thus, as the IJ correctly stated, "physical abuse by police authorities, unless it is shown to be motivated by politics or some other invidious factor, is not necessarily political persecution. It is simply physical abuse." Oral Decision of the IJ dated Oct. 28, 1994, R. at 48-49. Also, the police's extraction from Shrestha of a promise to desist from such activity was ambiguous

as to whether the police were trying to suppress future political expression or future violent demonstrations. See id. at 49. Finally, the IJ found that the threats from some individual members of the Congress and Communist Parties did not constitute political persecution. Id. at 50.

The IJ next addressed Shrestha's fear of future persecution and again found that Shrestha had not met his burden. The IJ found the political changes in Nepal mitigate the danger of the possible persecution based on his opposition to the now deposed Panchayat Party. Id. at 49. The IJ could not find, nor could we, any indication from the record that the Panchayat Party still had control over the police or that the police would have any interest in tracking down one of 500 protesters from a demonstration over five years ago. As the IJ noted, those protesters were seeking "precisely what the party in power also was then seeking, namely the ouster of the previous government." Id. at 50.

The IJ then recognized that the possibility of party members acting on threats made more than five years ago was too remote and "does not constitute the basis for any well-founded fear of retaliatory action." Id. at 51. As to Shrestha's final contention, that he would feel compelled to speak out about the continued corruption in politics thereby putting himself in danger, the BIA found that his fears were "too speculative to support a finding of a well-founded fear." Order dated Sept. 20, 1995, R. at 3. We cannot say that the evidence supports, much less compels, a different answer. See Elias-Zacarias, 502 U.S. at 481 n.1; see also Mitev v. INS, 67 F.3d 1325, 1332 (7th Cir. 1995) (finding the

applicant was not persecuted and lacked an objectively reasonable fear of future persecution because, inter alia, his activities occurred over five years ago, political conditions in his home country had drastically changed, the threats were from individual Communist Party members, and he was "not a particularly prominent or influential anti-communist agitator"). Therefore, because Shrestha failed to meet his factual burden of establishing statutory eligibility for asylum, we need not address whether the IJ's denial of asylum constituted an abuse of discretion. Rezai, 62 F.3d at 1289.

*Withholding of Deportation*

8 U.S.C. § 1253(h) provides that "[t]he Attorney General shall not deport or return any alien . . . to a country if the Attorney General determines that such alien's life or freedom would be threatened in such country on account of race, religion, nationality, membership in a particular social group, or political opinion." To establish eligibility for this relief, Shrestha must prove a "clear probability of persecution" upon deportation. See INS v. Cardoza-Fonseca, 480 U.S. 421, 430 (1987). The clear probability standard of proof is stricter than the well-founded fear of persecution standard used for asylum, but leaves the Attorney General no discretion to withhold deportation if the standard is met. Id. at 427-31, 443-44. "'[B]ecause [Shrestha] failed to meet the threshold burden of establishing statutory eligibility for the grant of asylum, it is clear that he did not meet the

- 8 -

tougher standard required for withholding of deportation.'"  Rezai, 62 F.3d at 1289

(quoting Nguyen v. INS, 991 F.2d 621, 626 (10th Cir. 1993)).

We conclude that the BIA's adoption of the IJ's factual findings that Shrestha

failed to establish past persecution, and its own finding that Shrestha's fear of future

persecution was too speculative, are supported by substantial evidence.  We therefore

AFFIRM the judgment of the BIA.

ENTERED FOR THE COURT


Stephen H. Anderson
Circuit Judge