**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 27 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

REGINA TAMOSHAITYTE,

　　　　Petitioner,

v.

IMMIGRATION &
NATURALIZATION SERVICE,

　　　　Respondent.

No. 00-9533
(No. A72-453-376)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **HENRY** , **BRISCOE** , and **MURPHY** , Circuit Judges.

---

　　　　After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this petition for review. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

*　　　This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Regina Tamoshaityte filed this petition for review of the decision of the Immigration and Naturalization Service (INS) that she is not eligible for political asylum. Following review of the administrative record and consideration of the parties' arguments, we conclude that the INS was correct to deny the petition. [1]

Petitioner, a citizen of Lithuania, arrived in the United States in 1991. She applied to the INS for political asylum in November 1992, claiming fear of persecution because of her involvement with the Communist Party. The agency denied her asylum request in July 1993. The INS then served petitioner with an order to show cause as to why she should not be deported for overstaying her visa. She conceded deportability, but again sought asylum.

Following an evidentiary hearing, the immigration judge (IJ) denied petitioner's application for asylum in 1994. Petitioner appealed to the Board of Immigration Appeals (BIA). The BIA issued a per curiam decision in August 2000, dismissing her appeal of the IJ's decision. The BIA stated it had reviewed

---

[1] The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) alters the availability, scope, and nature of judicial review in INS cases. Because petitioner's deportation proceedings commenced before April 1, 1997, and the agency's final order was filed more than thirty days after IIRIRA's date of enactment, transitional IIRIRA rules apply in this case. *Rivera-Jimenez v. INS*, 214 F.3d 1213, 1215 n.1 (10th Cir. 2000) (per curiam). The transitional rules do not bar petitioner from seeking judicial review of the INS's final order in this case. *Id.*

the record, concluded that the IJ correctly analyzed the case, and adopted the IJ's decision as its own.

To qualify for a grant of asylum, petitioner "must establish that [she] is a refugee by proving either past persecution or a 'well-founded fear of persecution on account of race, religion, nationality, membership in a particular social group, or political opinion.'" *Rezai v. INS*, 62 F.3d 1286, 1289 (10th Cir. 1995) (quoting 8 U.S.C. § 1101(a)(42)(A)). Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision. *See Panrit v. INS*, 19 F.3d 544, 546 (10th Cir. 1994). We review the IJ's factual finding that an alien is not a refugee for substantial evidence. *Rezai v. INS*, 62 F.3d 1286, 1289 (10th Cir. 1995). We will uphold the IJ's conclusion if it is supported by "reasonable, substantial, and probative evidence on the record considered as a whole" and will not reverse unless the asylum applicant presents evidence "so compelling that no reasonable factfinder could fail to find the requisite [persecution or] fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 481, 484 (1992). We review the IJ's legal determinations de novo, but will accord deference to its legal determinations unless they are clearly contrary to the statute's language or to congressional intent. *Rivera-Jimenez*, 214 F.3d at 1216.

In her second asylum application, petitioner claimed that after Lithuania regained its independence from the Soviet Union, she turned over files to the

press exposing certain Lithuanian political leaders as former members of the KGB. She claimed that bodyguards and an aide of one such politician went to her home and demanded the files at gunpoint. She claimed that she was summoned to the aide's office two weeks later and detained without food or sleep for two days and threatened with imprisonment in a mental hospital. She contends this politician might assassinate her in revenge if she returned to Lithuania.

The IJ determined that petitioner's claims of past persecution were not credible because she never mentioned any allegations concerning the KGB files, the detention or the alleged threats in her first asylum application, prepared with the assistance of counsel, or in her affidavit accompanying her application or in her interview with the INS asylum officer. The IJ also did not believe her testimony that she was afraid to tell the asylum officer about these allegations of persecution in light of her current assertion that these events caused her to leave Lithuania. The IJ also concluded that petitioner had failed to establish a well-founded fear of future persecution because the claimed accusations no longer had any impact on any politician's reputation and petitioner's claimed role in any accusations was insufficient to cause anyone to seek revenge against her.

Petitioner claims the IJ improperly based his credibility determination on what amounts to an "irrebuttable presumption" that her original counsel provided effective assistance in prosecuting her initial asylum application. Appellant's Br.

at 15. Petitioner misconstrues the basis of the IJ's determination. The IJ's credibility determination was based not just on petitioner's failure to make known these claims of persecution in the initial asylum application prepared with counsel, but also her own failure to mention these claims in her affidavit and during her asylum interview, coupled with the inherent unbelievability of aspects of her testimony. Contrary to petitioner's assertion, the IJ did make a de novo determination of petitioner's credibility and eligibility for asylum and did not inappropriately base his determination on the denial of her initial application. *See* 8 C.F.R. § 208.2(b) (1991) (immigration judge to review asylum claims de novo).

Petitioner contends that the IJ inappropriately denied her application based on his determination that she was not the prime mover in the exposure of former KGB agents. Regulations provide that the IJ "shall not require the applicant to provide evidence that [s]he would be singled out individually for persecution" if [s]he establishes [her] inclusion in and identification with "similarly situated" groups of persons against which there is a "pattern or practice" of persecution. 8 C.F.R. § 208.13(b)(2)(i). The evidence before the IJ showed that accusations of KGB involvement by Lithuanian officials had been widespread in the years following Lithuania's independence. The IJ found no evidence of harm or persecution against anyone else who had made similar accusations of KGB involvement, and determined that petitioner was unlikely to be singled out as

a target of persecution in the future because of her claimed role in accusing a handful of officials. The IJ correctly identified and applied the standards for determining whether a well-founded fear of future persecution has been shown. *Hadjimehdigholi v. INS*, 49 F.3d 642, 649 (10th Cir. 1995).

In making its determination that there was no evidence of repression in the then-current government of Lithuania, the IJ relied in part on the State Department's assessment of conditions in Lithuania in its *Country Report on Human Rights Practices for 1993*. The IJ is free to treat the information in *Country Reports* as evidence, 8 C.F.R. § 208.12(a), and petitioner was given notice and an opportunity to respond to the *Country Report*, *see Kowalczyk v. INS*, 245 F.3d 1143, 1147-48 (10th Cir. 2001) (requiring INS to provide notice and opportunity to respond before taking administrative notice of facts during immigration proceedings). Contrary to petitioner's contention, the IJ did not rely exclusively on this evidence. The IJ also considered the testimony of an expert witness, the testimony of each witness and all of the documentary evidence. We find nothing improper in the IJ's use of the *Country Report*. Petitioner's remaining arguments essentially contend the IJ gave too much weight to her inability to provide documentary support for her allegations and insufficient weight to the testimony of herself and her husband. We may not reweigh

the evidence or determine the credibility of witnesses. *Refahiyat v. INS*, 29 F.3d 553, 556 (10th Cir. 1994).

The evidence does not compel a conclusion that petitioner suffered past persecution or has a well-founded fear of future persecution if she is deported. *Elias-Zacarias*, 502 U.S. at 483-84. Therefore, we AFFIRM the IJ's decision denying petitioner's request for asylum.

Entered for the Court


Robert H. Henry
Circuit Judge