**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUN 5 2003**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

BAL BAHADUR SUNWAR,

      Petitioner,

v.

JOHN ASHCROFT,

      Respondent.

No. 02-9536
(No. A78-343-143)
(Petition for Review)

---

**ORDER AND JUDGMENT** *

---

Before **SEYMOUR** , **HENRY** , and **BRISCOE** , Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously that oral argument would not materially assist the determination of

this appeal. See Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

*     This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Petitioner Bal Bahadur Sunwar seeks review of the Immigration Judge's (IJ) decision that he is not eligible for asylum, withholding of removal, and protection under the Convention Against Torture. [1] The Board of Immigration Review (BIA) summarily denied review. We deny the petition.

Mr. Sunwar is a native and citizen of Nepal. He entered the United States in 1999 on a valid B-1 Visitor's Visa and filed a timely application for asylum, claiming he had been subject to persecution due to his conversion to the Christian faith. Mr. Sunwar stated that he and his brother, also a Christian, had been ostracized by their fellow villagers and accused of killing and eating cows. They were arrested, incarcerated, beaten, and intimidated in an attempt to force them to reaffirm their adherence to Hinduism. He related that his immediate family was also incarcerated and their house was destroyed and looted. They eventually left the village and moved to Kathmandu, the capital of Nepal. Mr. Sunwar moved to Brunei after being advised he was not safe in the capital. After ten years in Brunei, Mr. Sunwar obtained a visa to the United States. His family remained in Nepal, but as the harassment continued, they eventually moved to India.

The Illegal Immigration Reform and Immigrant Responsibility Act of 1996 (IIRIRA) "altered the availability, scope, and nature of judicial review in INS

---

[1] Mr. Sunwar does not contest the IJ's determination that he is not eligible for relief under the Convention Against Torture. This issue is waived.

cases."[2] Rivera-Jimenez v. INS, 214 F.3d 1213, 1215 n.1 (10th Cir. 2000). Because Mr. Sunwar's deportation proceedings began in 2000, this case is governed by IIRIRA's permanent rules. See Tsevegmid v. Ashcroft, 318 F.3d 1226, 1229 n.4 (10th Cir. 2003). Under the permanent rules, the Attorney General's decision to grant or deny asylum "shall be conclusive unless manifestly contrary to the law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D). Where, as here, the BIA adopts the decision of the IJ, we review the IJ's decision. See Panrit v. INS, 19 F.3d 544, 546 (10th Cir. 1994).

The IJ determined that Mr. Sunwar had shown he had been persecuted due to his religion. The IJ noted, however, that the government of Nepal has recognized many Christian schools, welfare organizations and missions and does not interfere with Christian observances unless Christians are marching without a permit. The government rarely prosecutes converts and holds no religious prisoners. The IJ denied Mr. Sunwar's application because he had not shown a country-wide fear of persecution, as he could live freely in Kathmandu.

Mr. Sunwar argues he did demonstrate a fear of persecution on a country-wide basis. However, the record does not establish that he would be subject to country-wide persecution. We cannot say the IJ's decision that

---

[2] We have jurisdiction to review the denial of an asylum request pursuant to 8 U.S.C. § 1252(a)(2)(B)(ii) (excepting asylum decision from provision divesting courts of jurisdiction to review denials of discretionary relief).

Mr. Sunwar was not eligible for asylum and withholding of removal was "manifestly contrary to law and an abuse of discretion." 8 U.S.C. § 1252(b)(4)(D).

Mr. Sunwar also argues that the BIA erred in affirming the IJ's decision by a single member of the Board without opinion. See 8 C.F.R. § 1003.1(a)(7). Mr. Sunwar contends the BIA abdicated its responsibility to review the IJ's decision when it summarily affirmed that decision without explanation pursuant to the new streamlining regulation.

Section 1003.1(a)(7) (formerly found at 8 C.F.R. § 3.1(a)(7)) permits a single member of the Board to affirm the decision of the IJ without opinion if the Board member concludes the decision is correct and any errors in the decision are harmless. See id. § 3.1(a)(7)(ii). The single member must also determine either that "the issue on appeal is squarely controlled by existing Board or federal court precedent and does not involve the application of precedent to a novel fact situation," or that "the factual and legal questions raised on appeal are so insubstantial that three-Member review is not warranted." Id. (A) & (B). Our review shows that Mr. Sunwar raised no substantial issues of law. Moreover, under existing precedent, there is no factual basis to support a grant of asylum. This case therefore does not present a situation in which the collective judgment of the Board, as opposed to the review of one member, might well have resulted

in a different assessment.  Thus, we cannot say the BIA erred in employing the streamlining regulation.  We **DENY** the petition for review.

Entered for the Court


Stephanie K. Seymour
Circuit Judge