UNPUBLISHED

# UNITED STATES COURT OF APPEALS
## FOR THE FOURTH CIRCUIT

ROBEL MEKONEN WELDMICHAEL,
                        *Petitioner,*

v.                                              No. 02-2406

JOHN ASHCROFT, Attorney General,
                        *Respondent.*

On Petition for Review of an Order
of the Board of Immigration Appeals.
(A78-416-150)

Submitted: September 25, 2003

Decided: November 19, 2003

Before MOTZ, TRAXLER, and KING, Circuit Judges.

Petition denied by unpublished per curiam opinion.

### COUNSEL

Genet Getachew, Brooklyn, New York, for Petitioner. Robert D. McCallum, Jr., Assistant Attorney General, Richard M. Evans, Assistant Director, Paul Fiorino, Office of Immigration Litigation, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C., for Respondent.

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

**OPINION**

PER CURIAM:

Robel Mekonen Weldmichael, a native and citizen of Eritrea, petitions for review of an order of the Board of Immigration Appeals ("Board") affirming, without opinion, the immigration judge's denial of his applications for asylum, withholding of removal, and protection under the Convention Against Torture. For the reasons discussed below, we deny the petition for review.

In his petition, Weldmichael first challenges the immigration judge's determination that he failed to establish his eligibility for asylum. To obtain reversal of a determination denying eligibility for relief, an alien "must show that the evidence he presented was so compelling that no reasonable factfinder could fail to find the requisite fear of persecution." *INS v. Elias-Zacarias*, 502 U.S. 478, 483-84 (1992). We have reviewed the evidence of record and conclude that Weldmichael fails to show that the evidence compels a contrary result. Accordingly, we cannot grant the relief that Weldmichael seeks.

Additionally, we uphold the immigration judge's denial of Weldmichael's applications for withholding of removal and protection under the Convention Against Torture, both of which require the applicant to make a more stringent showing to qualify for relief. To qualify for withholding of removal, an applicant must demonstrate "a clear probability of persecution." *INS v. Cardoza-Fonseca*, 480 U.S. 421, 430-31 (1987). To obtain relief under the Convention Against Torture, an applicant must establish that "it is more likely than not that he or she would be tortured if removed to the proposed country of removal." 8 C.F.R. § 1208.16(c)(2) (2003). Because Weldmichael fails to show that he is eligible for asylum, he cannot meet the higher standards for withholding of removal or protection under the Convention Against Torture.

Finally, Weldmichael contends that the Board failed to engage in reasoned decision making when it affirmed the decision of the immigration judge without opinion, after review by a single Board member, in accordance with the procedure set out at 8 C.F.R.

§ 1003.1(e)(4) (2003). In support of his claim, Weldmichael cites numerous federal appellate cases requiring the Board to articulate a reasoned basis for its decision. *See, e.g.*, *Mousa v. INS*, 223 F.3d 425, 430 (7th Cir. 2000); *Panrit v. INS*, 19 F.3d 544, 546 (10th Cir. 1994). We find that by explicitly adopting the immigration judge's decision as the agency's final determination, the Board has fulfilled this requirement. *Cf. Gandarilla-Zambrana v. Bd. of Immigration Appeals*, 44 F.3d 1251, 1255 (4th Cir. 1995) (upholding the Board's practice of adopting, without further explanation, the reasoning of the immigration judge and stating that the immigration judge's decision then becomes the sole basis for this court's review).

Accordingly, we deny the petition for review. We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

*PETITION DENIED*